LEWIS AND ROCA LLP LAWYERS

40 North Central Avenue
Phoenix, Arizona 85004-4429

Sean D. Garrison (State Bar No. 014436)
Direct Dial: (602) 239-7434
Direct Fax: (602) 734-3939
E-mail: SGarrison@LRLaw.com

Shane Olafson (State Bar No. 024605)
Direct Dial: (602) 262-5327
Direct Fax: (602) 734-3756
E-mail: SOlafson@LRLaw.com

*Attorneys for Plaintiff*

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Dial Manufacturing, Inc., an Arizona corporation,<br><br>Plaintiff,<br><br>vs.<br><br>USASIA Co., LLC, an Arizona limited liability company; and Jerry Chun Fan and Lei Bao, husband and wife,<br><br>Defendants. | No.<br><br>**COMPLAINT** |

For its Complaint, Plaintiff Dial Manufacturing, Inc. ("Dial") alleges as follows:

### PARTIES

1. Plaintiff Dial is an Arizona corporation with its principal place of business in Phoenix, Arizona. Dial manufactures and sells replacement parts for evaporative coolers.

2. Defendant USASIA Co., LLC ("USASIA") is an Arizona limited liability company with its principal place of business listed as 636 E. Malibu Drive in Tempe, Arizona. USASIA imports and sells evaporative cooler products in competition with Dial.

3. Upon information and belief, Defendants Jerry Fan and Lei Bao are husband and wife, who reside in Alabama. Upon information and belief, Defendant Jerry Fan is a managing member of USASIA, and Defendant Lei Bao is an agent of USASIA.

4. Upon information and belief, Fan and Bao, individually and jointly, control, direct and carry out the activities of USASIA, including the importation, sale and offering to sell evaporative cooler products in competition with Dial giving rise to Dial's claims

1 asserted in this Complaint. Upon further information and belief, the actions by Fan and
2 Bao were taken for the benefit of their marital community.

## JURISDICTION AND VENUE

5. This is an action for patent infringement arising under the patent laws of the United States, 35 U.S.C. § 1, *et seq*.

6. This Court has subject matter jurisdiction over this dispute pursuant to 28 U.S.C. §§ 1331, 1338(a), and 1367(a).

7. This Court may assert personal jurisdiction over the Defendants because Defendants have each caused or contributed to the manufacturing, importing, sale, offering for sale, and/or distribution of products that infringe Dial's patent rights in the United States, and particularly in this judicial district and, as a result, Dial has been injured in this judicial district.

8. Venue is proper in this Court pursuant to 28 U.S.C. §§ 1391(b) and 1400(b) because Defendants have committed acts of infringement in this judicial district and, upon information and belief, USASIA has a regular and established place of business here.

## DIAL'S BUSINESS AND PATENT

9. Dial has designed, manufactured and provided reliable replacement parts for the evaporative cooler industry since 1965, including cooler fittings, electrical accessories, pumps, motors, thermostats, and switches, among other things.

10. Dial is the owner by assignment of all right, title, and interest in and to United States Patent No. 5,568,000 (the "Dial Patent") entitled "Multiple Pole, Shaded Pole Subfractional-Horsepower Induction Motor," which duly and legally issued in the name of John Hanneken on October 22, 1996. A copy of the Dial Patent is attached hereto as Exhibit A.

11. Without Dial's authorization, Defendants have made, used, offered to sell, sold, and/or imported into the United States evaporative cooler water pumps and pump motors that infringe at least claims 1 and 5, and possibly others, of the Dial Patent (the "Infringing Products"). Defendants have also induced and/or contributed to the

2176753.2

LEWIS AND ROCA LLP LAWYERS

manufacture, sale, offer for sale, use and/or importing of the infringing products by others.

12.  Included among the Infringing Products are pump models RP11000 and FP-7500, and possibly others.

## COUNT I

### (PATENT INFRINGEMENT)

13.  Dial re-alleges each and every allegation set forth in paragraphs 1 through 12 above, and incorporates them by reference herein.

14.  Dial has standing to sue for infringement of the Dial Patent because it is the owner of the Dial Patent.

15.  Defendants have infringed, and continue to infringe, the Dial Patent by making, using, offering to sell, selling, and/or importing into the United States, the Infringing Products.

16.  Upon information and belief, Defendants' infringement has been intentional and willful, making this an exceptional case.  Defendants' pump motor is a nearly exact replica of the motor contained in Dial's patented pump, the packaging for which is consistently marked with the Dial Patent number.  The particular configuration and features of Dial's pump motor, coupled with that fact that Defendants' pump motors are virtually identical, indicates that Defendants intentionally copied the patented design claimed in the Dial Patent.

17.  Defendants infringement has caused and continues to cause irreparable harm to Dial, which has no adequate remedy at law and will continue to be injured unless and until this Court enters a preliminary and permanent injunction prohibiting further infringement and, specifically, enjoining Defendants and all others who have notice of the injunction from further manufacture, use, offer for sale, sale and importation of products that fall within the scope of claims of the Dial Patent.

18.  Dial is entitled to recover damages from Defendants in an amount adequate to compensate Dial for the infringement that has occurred and that will continue to occur until an injunction is issued by the Court.

2176753.2

## RELIEF REQUESTED

A. Judgment that the Defendants have infringed the Dial Patent in violation of 35 U.S.C. § 271 and that such infringement is willful;

B. A preliminary and permanent injunction prohibiting Defendants, and their affiliates, officers, directors, agents, servants, employees, and all persons in active concert or participation with them, from infringing, contributing to the infringement of, and inducing infringement of the Dial Patent;

C. An award of damages in accordance with 35 U.S.C. § 284, together with interest thereon running from the first date of infringement until such damages are paid;

D An award of treble damages as a result of Defendants' willful patent infringement;

E. An award of Dial's costs, plus an award of its reasonable attorney's fees in accordance with 35 U.S.C. § 285; and

F. Such other and further relief as this Court deems just and proper.

## DEMAND FOR JURY TRIAL

Dial demands a jury trial on all triable issues raised in this Complaint.

RESPECTFULLY SUBMITTED this 14th day of April, 2010.

LEWIS AND ROCA LLP

By /s/ Sean D. Garrison
Sean D. Garrison
Shane E. Olafson
*Attorneys for Dial Manufacturing, Inc.*